**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DEREK BRICE,**

**Petitioner,**

   **v.**          **CASE NO. 23-3145-JWL**

**DAN SCHNURR,**

**Respondent.**

**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

   This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Derek Brice. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

**Background**

   In December 2007, a jury in Labette County, Kansas convicted Petitioner of two counts of attempted first-degree murder and one count of aggravated assault. (Doc. 1, p. 1.) The following month, he was sentenced to a total of 420 months in prison. *See* Online Records of Labette County District Court, case number 07-CR-125 PA. Petitioner appealed and on August 14, 2009, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and sentences. *State v. Brice*, 2009 WL 2501082, *1 (Kan. Ct. App. 2009) (unpublished), *rev. denied* Sept. 8, 2010. The Kansas Supreme Court (KSC) denied Petitioner's petition for review on September 8, 2010.

   On September 8, 2011, Petitioner filed a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See* Online Records of Labette County District Court, case number 2011-CV-000051. He argued that he received unconstitutionally ineffective assistance of counsel during his

trial and direct appeal. *Brice v. State*, 2022 WL 2904056, *1 (Kan. Ct. App. 2022) (unpublished). The state district court denied the motion and the KCOA affirmed the denial in an opinion issued July 22, 2022. *Id.* On June 19, 2023, Petitioner filed the petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1, p. 20); *see United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019) (explaining prison mailbox rule).

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"— when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

In this matter, the KSC denied review in Petitioner's direct appeal on September 8, 2010. Petitioner advises that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 2.) Thus, Petitioner's convictions became final the day after the time to file a petition for certiorari expired, on approximately December 9, 2010. At that time, the one-year AEDPA habeas limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was December 9, 2011 in which to file his federal habeas petition. *See Hurst*, 322 F.3d at 1260-61.

One of the circumstances that can extend the deadline for timely filing a federal habeas petition is when the AEDPA statute's tolling provision applies. That provision states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year federal habeas limitation period was tolled, or paused, when Petitioner filed his K.S.A. 60-1507 motion on September 8, 2011. The Tenth Circuit has explained that when statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-

year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The KCOA affirmed denial of relief under K.S.A. 60-1507 on July 22, 2022, and Petitioner had 30 days to petition the KSC for review, which he did not do. *See* Kan. Sup. Ct. R. 8.03(b). Thus, the K.S.A. 60-1507 proceedings were final when that time expired, on approximately August 22, 2022. *See Kelley v. Pyror*, 2014 WL 6863481, *2 & n.13 (D. Kan. Dec. 3, 2014) (unpublished) (citing *Carey v. Safford*, 536 U.S. 214, 219-20 (2002), and *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007)). Thus, it was pending from September 8, 2011 through August 22, 2022, for a total of 4,001 days. When those days are added to the original anniversary date of December 9, 2011, it gives the new filing deadline for this matter:   approximately November 23, 2022. Yet Petitioner did not file this federal habeas petition until June 19, 2023, and he has left blank the part of the form § 2254 petition that addresses timeliness. (Doc. 1, p. 19.) Thus, the information now before the Court reflects that this matter was not timely filed.

In addition to the statutory tolling provision, the one-year federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). However, "[s]imple excusable neglect is not sufficient." *Id.* (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather,

4

he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

Even liberally construing the petition, as is appropriate since Petitioner proceeds pro se, there is no indication that Petitioner wishes to seek equitable tolling or assert the actual innocence exception. Accordingly, this matter does not appear to have been timely filed and it is subject to dismissal unless Petitioner demonstrates grounds for additional statutory tolling or equitable tolling or he establishes that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD THAT** Petitioner is granted until and including July 24, 2023, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 22nd day of June, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge