IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEREK BRICE,

                              Petitioner,

           v.                                                      CASE NO. 23-3145-JWL

DAN SCHNURR,

                              Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Derek Brice. It comes before the Court on Petitioner's response (Doc. 4) and his amended response (Doc. 5) to this Court's Notice and Order to Show Cause (NOSC) (Doc. 3) regarding timeliness. The Court has reviewed Petitioner's arguments carefully and concludes that this matter must be dismissed as time-barred.

### Background

Petitioner challenges his 2007 convictions in Labette County, Kansas of two counts of attempted first-degree murder and one count of aggravated assault and his 2008 sentence to 420 months in prison. The Kansas Court of Appeals (KCOA) affirmed his convictions and sentences on August 14, 2009, and the Kansas Supreme Court (KSC) denied his petition for review on September 8, 2010. (*See* Doc. 3, p. 1.) On September 8, 2011, Petitioner filed a motion for state habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court denied relief and the KCOA affirmed the denial on July 22, 2022. *Id.* at 2. Petitioner filed his 28 U.S.C. § 2254 petition on June 19, 2023. (Doc. 1.)

1

Shortly thereafter, the Court reviewed the petition and issued a NOSC explaining that it appears this matter was untimely filed. (Doc. 3.) In the NOSC, the Court set forth the applicable law for calculating the deadline to timely file a § 2254 petition, then applied the law to this matter, concluding that the time in which Petitioner could file the petition expired on or around November 23, 2022. *Id.* at 2-4. The Court further explained that the AEDPA statute of limitations is subject to statutory tolling, equitable tolling, and an exception in cases of absolute innocence. *Id.* at 3-5. Based on the petition before the Court, however, it did not appear that the petition was timely filed. Thus, the Court directed "Petitioner to show cause in writing why his petition should not be dismissed as time-barred." *Id.* at 5. Petitioner timely filed his response (Doc. 4) and an amended response (Doc. 5).

Because Petitioner proceeds pro se, the Court has liberally construed the response. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In the response, Petitioner asserts that he filed the current petition only 11 months after the KCOA affirmed the denial of his K.S.A. 60-1507 motion, so it is timely. (Doc. 4.) In the amended response, Petitioner further explains that there was a lengthy delay between the state district court's denial of his K.S.A. 60-1507 motion and his appeal to the KCOA, which explains why the K.S.A. 60-1507 was pending for over 4,000 days. (Doc. 5.) Petitioner advises the Court that the delay was attributable to his appointed counsel failing to pursue the appeal despite Petitioner's with that he do so quickly. *Id.*

Neither of these arguments affect the timeliness analysis of this matter. As explained in the NOSC, the time during which the K.S.A. 60-1507 action was pending does not count toward the statute of limitations for this federal habeas matter. (Doc. 3, p. 3-4.) Thus, the time between the state district court's denial of relief under K.S.A. 60-1507 and the docketing of Petitioner's appeal from that denial does not count against Petitioner. *See id.* Instead, the bulk of the one-year federal

habeas statute of limitations ran during the time between the date on which his convictions became final—approximately December 9, 2010—and the date on which he filed his K.S.A. 60-1507 motion—September 8, 2011.[1] *See id.* at 3-4. The remainder of the federal habeas statute of limitations ran from the date on which his K.S.A. 60-1507 became final—August 22, 2022—and it expired on approximately November 23, 2022. *See id.* at 4.

Relatedly, Petitioner's assertion that he filed the current federal habeas petition within one year of the KCOA's opinion affirming the denial of K.S.A. 60-1507 relief does not alter the Court's analysis. The timeliness of a federal habeas petition filed by a state prisoner is not calculated from the date Kansas state courts denied relief in a related state habeas action. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1); (Doc. 3, p. 2-3).

Even liberally construing the petition and the responses to the NOSC, it appears that only the first type of starting date is applicable—when the judgment became final. As the NOSC explained, when the federal habeas limitation period is calculated from the date the judgment became final, the current federal habeas petition was not timely filed. Petitioner's responses to the NOSC do not establish that he is entitled to additional statutory tolling, equitable tolling, or the

---

[1] To the extent that Petitioner's assertion at the end of his amended response that "[t]his is also why [his] 60-1507 was filed late" may be liberally construed to assert that he is entitled to equitable tolling for part or all of this nearly 9-month period, Petitioner has not provided sufficient detail to show such entitlement. (*See* Doc. 5, p. 2.) All of the facts in the amended response to the NOSC occurred only during the time after which his K.S.A. 60-1507 motion was filed; he has not alleged any facts about the time before he filed that motion in the state district court.

3

actual innocence exception to the one-year federal habeas statute of limitations. Thus, the Court maintains its prior conclusion that this matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed with prejudice** as time-barred. No certificate of appealability will issue. Petitioner is no longer required to comply with the notice of deficiency (Doc. 2).

**IT IS SO ORDERED.**

DATED:   This 28th day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge